

**ORDERED in the Southern District of Florida on September 21, 2018.**

_Laurel M. Isicoff_
Laurel M. Isicoff
Chief United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| *In re* | Case No.: 16-17186-BKC-LMI |
| PCH COMMUNICATIONS, LLC, | Chapter 7 |
|     Debtor._____/ | |
| JACQUELINE CALDERIN, Chapter 7 Trustee, | Adv. Case No.: 18-01247-LMI |
|     Plaintiff, | |
| vs. | |
| THE 82 GROUP LLC, a New York limited liability company | |
|     Defendant._____/ | |

### FINAL JUDGMENT AVOIDING AND RECOVERING
### TRANSFER AND AWARDING REQUEST FOR COSTS

THIS CAUSE came before the Court upon the *Plaintiff's Motion for Entry of Default Final Judgment Against Defendant and Request for Costs* [ECF# 15] (the "Motion"), filed by Plaintiff, Jacqueline Calderin, as Chapter 7 Trustee (the "Plaintiff") of the bankruptcy estate of PCH Communications, LLC (the "Debtor"), and it appearing from the record of this adversary

proceeding that a default (the "<u>Default</u>") was entered by the Clerk against the Defendant, The 82 Group LLC (the "<u>Defendant</u>"), which this Court reaffirms as meeting the requirements established by law and by the rules of this Court, and it appearing that the Default was entered due to the Defendant's failure to respond to or answer the Complaint[1] [ECF #1] as required by Bankruptcy Rule 7012, and all allegations of the Complaint are therefore deemed admitted, and pursuant to Bankruptcy Rule 7055, the Plaintiff is entitled to the entry of a default final judgment in her favor and against the Defendant as a matter of law on all counts in the Complaint, and proper notice having been provided, the Court having reviewed the Motion and the file, and it appearing to the Court that judgment should be entered against the Defendant,

**FINAL JUDGMENT** is entered as follows:

1. Final judgment is entered in favor of the Plaintiff and against the Defendant on **Count I** of the Complaint. The Debtor's pre-petition transfers in the aggregate amount of $80,000.00 to the Defendant (the "<u>Transfers</u>") are (i) constructive fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code, and (ii) avoided as constructive fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

2. Final judgment is entered in favor of the Plaintiff and against the Defendant on **Count II** of the Complaint. The Debtor's Transfers to the Defendant are (i) constructive fraudulent transfers pursuant to section 544 of the Bankruptcy Code and Florida Statute § 726.105(1)(B), and (ii) avoided as constructive fraudulent transfers pursuant to section 544 of the Bankruptcy Code and Florida Statute § 726.105(1)(B).

3. Final judgment is entered in favor of the Plaintiff and against the Defendant on **Count III** of the Complaint. The Defendant is the initial transferee of the Transfers under

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

section 550(a)(1) of the Bankruptcy Code from whom the Trustee may recover the Transfers, or the value thereof, on behalf of the Debtor's bankruptcy estate.  The Defendant shall turn over to the Trustee $80,000.00, pursuant to section 550(a) of the Bankruptcy Code, plus post-judgment interest pursuant to Florida Statute § 55.03.

4. Pursuant to Rule 1.560(b) of the Florida Rules of Civil Procedure, as made applicable by Rule 69(a) of the Federal Rules of Civil Procedure, the Defendant shall complete under oath Florida Rule of Civil Procedure Form 1.977 Fact Information Sheet, including all required attachments, and serve it on Plaintiff's counsel at Agentis PLLC, c/o Tamara Van Heel, Esq., 501 Brickell Key Dr., Suite 300, Miami, Florida 33131, within 45 days from the date of the entry of this Judgment, unless this Judgment is satisfied or post-judgment discovery is stayed.

5. The Plaintiff shall recover from the Defendant costs in the amount of $350.00, for which sum let execution issue forthwith.

6. In accordance with Section 55.01(2) of the Florida Statutes, the Defendant's last known address is:

> The 82 Group, LLC
> c/o United States Corporation Agents, Inc.
> 7004 13th Avenue, Suite 202
> Brooklyn, NY 11228

7. The Court further reserves jurisdiction over this cause and the parties hereto to award the Plaintiff her reasonable attorneys' fees and costs incurred in enforcing this Default Final Judgment, but only to the extent allowed by applicable law.

# # #

**SUBMITTED BY:**
Tamara Van Heel
Florida Bar No: 107104
tvh@agentislaw.com

AGENTIS PLLC
*Counsel for Plaintiff*
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T. 305.722.2002
www.agentislaw.com

Copy furnished to: Attorney Van Heel, who is directed to serve a conformed copy herein upon all interested parties.